W. J. TRAMEL, *Appellee,* v. THE ARMOUR PACKING COMPANY, *Appellant.*

No. 17,936.

### SYLLABUS BY THE COURT.

1. PERSONAL INJURIES—*Slippery Floor—Fall of Ladder—Negligence.* Where the floor of a department of a packing house is made of asphalt in order that it may be smooth and waterproof, so that it can be kept in a clean and sanitary condition, and this purpose would be defeated by the presence of spikes in ladders used therein, the furnishing for use in such department of ladders not so equipped can not be regarded as negligence.

2. —— *Same.* The fact that spikes are attached to ladders furnished for use in other departments having soft floors does not warrant an employee in assuming, without examination, that a ladder found in a department where the floor is of asphalt is similarly equipped.

3. CONTRIBUTORY NEGLIGENCE—*Skilled Employee.* A skilled mechanic who uses a ladder in a way which he knows to be dangerous unless it is equipped with spikes, without making any effort to ascertain whether the spikes are there, can not recover from his employer on account of injuries occasioned by their absence.

Appeal from Wyandotte district court, division No. 2. Opinion filed February 8, 1913. Reversed.

*C. Angevine, J. K. Cubbison,* and *W. G. Holt,* all of Kansas City, for the appellant.

*Charles R. Cooksey,* of Kansas City, for the appellee.

The opinion of the court was delivered by

MASON, J.: W. J. Tramel, a millwright in the employ of the Armour Packing Company, was required to make some repairs in the meat-cutting department of the packing plant, near the ceiling, which was about twelve feet high. To reach the place he stood upon a ladder about sixteen feet long, the top resting against a joist and the bottom on the floor. While he was at

Tramel v. Packing Co.

work the bottom of the ladder slipped and he fell, receiving injuries on account of which he sued the company. Upon the trial a verdict was rendered for $1500. As a condition of denying a new trial the court required $500 to be remitted, and upon this being done judgment was rendered for the plaintiff. The defendant appeals.

It is contended that the facts, as established by the findings of the jury, supplemented by the plaintiff's own testimony, preclude his recovery, and we regard the contention as well founded, for these reasons:

The conduct of the defendant relied upon as constituting negligence is the omission to provide the ladder with spikes to keep is from slipping. The floor of the room in which the injury occurred was of granitoid or asphalt. The ladders kept and used in rooms having floors of that character were purposely left by the company without spikes, because (as the evidence showed and the jury found) the floors were made smooth and waterproof so that they could be kept clean and in a sanitary condition, and spikes in the ladders would have made holes in the surface so that grease and water would be absorbed, rendering the floor no longer waterproof, and in time perhaps destroying it. In view of these facts the rule or practice which dispensed with spikes upon ladders used in the departments having such floors was unquestionably reasonable, and the absence of spikes in a ladder kept for use there can not be regarded as negligence.

There is no evidence that any one in authority directed the plaintiff to use the ladder in the manner described, or to use it at all. A rolling bench was provided to stand upon while doing similar work, and the plaintiff had used this for such a purpose a few days before. The mere presence of a ladder in the room can not be regarded as an invitation to use it without examination, upon the assumption that was furnished

with spikes. It was provided with hooks two and a. half feet from the top, to be hooked over line shafts or other objects, but the plaintiff did not know this, and did not notice them. Ladders in departments of the plant which had soft floors were provided with spikes. The jury found that the plaintiff did not know that the ladder used by him was not provided with spikes; that the fact was not "apparent and obvious"; and that he was prevented from ascertaining it by the "lack of close inspection." The plaintiff testified that. he could have seen whether spikes were attached if he had made a close examination, and that he could have ascertained that fact by feeling with his hand. No evidence, however, is needed to prove that he could readily have learned what the fact was in this regard if he had made any effort to do so. But he said that. he did not look to see whether there were spikes on the ladder; that he made no examination or inspection whatever in that regard; that he knew the floor was hard, wet and greasy, and that the ladder, unless it had spikes, was apt to slip; that he paid no attention to the bottom of the ladder; that he relied upon the ladder having spikes in it. The rule that the workman may rely upon the employer's having provided a safe tool or appliance is not applicable, for two reasons. Its basis is that the employee is justified in assuming that the employer has not been negligent in this regard. But here the company was not negligent. The ladder was not defective. It was in good condition for the use for which it was intended and to which it. was adapted. There are well-considered cases holding the omission of spikes from ladders not to be negligent under ordinary circumstances. (*Blundell v. Mfg. Co.*, 189 Mo. 552, 88 S. W. 103, and cases there cited.) It may be said here, with even greater force than in the opinion from which the language is taken:

"The failure of the defendant to provide prongs . . . to keep the ladder from slipping, is not suffi-

cient to make the defendant liable in this case. The ladder was a very simple appliance, one that is familiar to every grown man. Its liability to slip when not resting firmly or securely is a matter known to all men. . . . There is a total absence of any evi-dence in this case showing that the ladder furnished was not a reasonably safe appliance and could not have been safely used for the purposes to which it was applied or intended to be applied. There is nothing in the case which, in any manner, made it obligatory upon the plaintiff to use the ladder. . . . There was, therefore, no necessity for the plaintiff to use the ladder at all. But even if this be not true, no reason appears why the plaintiff could not, or did not, fasten the ladder so as to prevent it from slipping before ascending it. . . . The plaintiff's case rests upon the proposition that a ladder is an unsafe appliance . . . unless it has prongs . . . attached thereto to keep it from slipping. No case supporting such a proposition has been cited by counsel and none has fallen under the observation of the court. On the con-trary, among the cases hereinbefore cited, there are several where the claim here made was distinctly de-nied by the court; and in other cases, a ladder without prongs . . . has been held to be a reasonably safe appliance for the master to furnish the servant, for such uses as ladders are generally applied to." (pp. 565, 566.)

The necessity of protecting the asphalt floor makes it clear that the defendant was under no obligation to equip the ladder with spikes. But even if such a duty had rested upon the company, the case seems to fall within the settled rule with respect to "simple tools"—that a recovery can not be had for injuries re-sulting from defects which can be as readily detected, and the effect of which can be as readily understood, by the employee as by the employer. Cases on the subject are collected in a recent note in 40 L. R. A., n. s., 832, and in other notes in that series there

cited, in 22 A. & E. Ann. Cas. 1004, and in 98 Am. St. Rep. 298.

The judgment is reversed and judgment for the defendant ordered.